IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                                Case No.  16-10082-2-JWB

ANDRE BRYANT,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a sentence reduction.  (Doc. 153.) The motion is fully briefed and ripe for decision.[1]  (Doc. 154.)  The motion is DISMISSED for the reasons stated herein.

On April 11, 2017, the court sentenced Defendant to 84 months imprisonment.  (Doc. 73.) Defendant served his sentence and began his term of supervised release in December 2022.  (Doc. 150.)  On December 5, 2023, this court revoked Defendant's supervised release after finding defendant in violation of the terms of his supervised release and sentenced him to twenty-four months imprisonment and three years of supervised release.  (Doc. 152.)

Defendant has now filed a motion for sentence modification pursuant to Amendment 821 to the sentencing guidelines.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a

---

[1] Defendant has not filed a reply and the time for doing so has now passed.

sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).

In his motion, Defendant argues that the amendment would impact his original term of imprisonment because his current sentence was calculated based on the fact that he had been on probation for another criminal matter when this offense was committed. However, the court lacks authority to modify Defendant's original sentence once he has served it. *United States v. Shaw*, No. 05-20073-JWL, 2023 WL 8234308, at *1 (D. Kan. Nov. 28, 2023) (citing *United States v. Dahda*, 2022 WL 4079021, at *4 (D. Kan. Sept. 6, 2022) and *United States v. Wilson,* 799 F. App'x. 792, 794 (11th Cir. 2020) ("Our authority to grant § 3582(c)(2) relief to [defendant] vanished once he served his entire term of imprisonment, regardless of whether he is on supervised release as a result of his conviction.")). Defendant's argument in his motion for relief pertains to his sentence that he is no longer serving, not on his revocation sentence. Because he is not in custody on the original sentence, the court lacks jurisdiction to grant defendant relief under 18 U.S.C. § 3582(c)(2). *See United States v. Williams*, 367 F. App'x. 967, 968 (10th Cir. 2010).

Moreover, Amendment 821 would not alter Defendant's original sentence or his revocation sentence. The change in his status points would not impact his criminal history score as noted by the government. (Doc. 154 at 3.) Further, Defendant was sentenced to a statutory mandatory minimum sentence and not based on the guidelines. (Doc. 74 at 1.)

Defendant's motion is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 6th day of June 2024.

  s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
